James Weiler, AZ Bar No. 034371
**ZOLDAN LAW GROUP, PLLC**
5050 North 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
JWeiler@zoldangroup.com

Attorney for Plaintiff
Samantha Friedman

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Samantha Friedman**; an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**St. Luke's Medical Center, LP,** a Foreign Limited Partnership; and **Steward Health Care System, LLC,** a Delaware Limited Liability Company,<br><br>Defendants. | Case No.<br><br><br>**COMPLAINT**<br><br><br>**(Jury Trial Requested)** |

Plaintiff Samantha Friedman ("**Friedman**"), for her complaint against Defendants St. Luke's Medical Center, LP ("**St. Luke's**") and Steward Health Care System, LLC ("**Steward**") (collectively "**Defendants**") hereby alleges as follows:

## PARTIES

1.      Plaintiff is a resident of Arizona.

2.      Upon information and belief, St. Luke's Medical Center, LP is a foreign limited partnership with its principal place of business in Phoenix, Arizona.

3.      Upon information and belief, St. Luke's Medical Center, LP is registered to conduct business and is currently doing business in the State of Arizona.

ZOLDAN LAW GROUP, PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

4.     Upon information and belief, Steward Health Care System, LLC is a Delaware limited liability company with its principal place of business outside of Arizona.

5.     Upon information and belief, Steward Health Care System, LLC is registered to conduct business and is currently doing business in Arizona.

## JURISDICTION AND VENUE

6.     All acts complained herein occurred in Maricopa County, Arizona, and this Court has jurisdiction over the parties and subject matter set forth in this Complaint pursuant to the Americans with Disabilities Act and the ADA Amendments Act (collectively referred to as "**ADA**"), 42 U.S.C. 12101, *et seq.*, the Family and Medical Leave Act ("**FMLA**"), 29 U.S.C. § 2601, *et seq*.

7.     This Court has federal question subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 in that the claims set forth in this Complaint arise under federal law.

8.     This Court has supplemental jurisdiction over Plaintiff's claims under Arizona's Fair Wages and Healthy Family Act, A.R.S. 23-371, *et seq*. pursuant to 28 U.S.C. § 1331.

9.     The employment practices alleged to be unlawful were committed within, and had their primary effect in, the jurisdiction of the United States District Court for the District of Arizona.

10.     Plaintiff was, at all relevant times, an employee of Defendants within the meaning of the ADA, the FMLA, and Arizona's Paid Sick Leave Statutes.

11.     Upon information and belief, Plaintiff was an "eligible employee" within the meaning of the FMLA and/or would have been an "eligible employee" at the time of her

1  anticipated FMLA leave.

2      12.    At all relevant times, Defendants have continuously been an employer within

3  the meaning of the ADA, FMLA, and Arizona's Paid Sick Leave Statutes.

4

5      13.    Personal jurisdiction in this Court is proper.

6      14.    Venue in this Court is proper.

7                              **FACTUAL ALLEGATIONS**

8      15.     Plaintiff commenced employment with Defendants on or about October 14,

9
10  2019.

11     16.    At all times relevant, Plaintiff was a qualified individual with a disability

12  pursuant to the ADA.

13
14     17.    In August of 2020, Plaintiff applied for and was approved for FMLA use by

15  Defendants.

16     18.    Plaintiff's intermittent FMLA leave was set to begin on October 14, 2020.

17     19.    Plaintiff intended to use intermittent FMLA leave so that she could attend

18  medical appointments and treatments, as well as manage episodic incapacitations that

19
20  would occur because of her disability.

21     20.    On or about October 3, 2020, Plaintiff discovered through her API account

22  that her work schedule significantly changed without any discussion or consultation with

23
24  her.

25     21.    Plaintiff promptly contacted her supervisor, Ms. Courtney Tafoya to discuss

26  the changes in the schedule and how they would negatively impact her ability to receive

27  treatments for her disabilities.

28     22.    Plaintiff informed her supervisor of her health issues and medical

ZOLDAN LAW GROUP, PLLC
5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

appointments that would conflict with this new schedule.

23.   Plaintiff made the reasonable request for an accommodation to return to her previous schedule that she had been consistently working for the past year.

24.   Plaintiff also informed her supervisor of needing to take medical leave on October 5, 2020, due to a pre-scheduled doctor's appointment.

25.   Plaintiff invited her supervisor to contact her to discuss further.

26.   Plaintiff's supervisor never responded to her or attempted to engage in the interactive process with her.

27.   Plaintiff also contacted the Defendants' staffing office to inform them she would need to take paid sick leave on October 5, 2020 and October 7, 2020.

28.   On or about October 6, 2020, Ms. Tafoya sent Plaintiff an email claiming that she had not heard from Plaintiff regarding using paid sick leave on October 5, 2020.

29.   On or about October 7, 2020, Ms. Tafoya again falsely claimed Plaintiff failed to request sick leave or call off work.

30.   On October 8, 2020, Defendants stated that Plaintiff was terminated for failure to work on October 5, 2020 and additional tardies from several months prior to October 2020.

31.   On July 12, 2021, Plaintiff filed a charge with the EEOC alleging disability discrimination and on December 21, 2021 Plaintiff received Notice of the Right to Sue.

32.   As a result of Defendants actions Plaintiff has been damaged.

## COUNT I
## DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT

33.   Plaintiff reasserts and realleges each and every allegation in this complaint as if fully set forth herein.

ZOLDAN LAW GROUP, PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

ZOLDAN LAW GROUP, PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 — mzoldan@zoldangroup.com

34.     Plaintiff satisfied her administrative exhaustion requirements by filing a disability discrimination charge with the EEOC and filing this complaint within 90 days of receiving her Notice of Right to Sue letter.

35.     The ADA prohibits discrimination against qualified individuals with a disability in regard to terms, conditions and privileges of employment.

36.     Plaintiff has a physical or mental impairment that substantially limits a major life activity.

37.     In the alternative, the length of time during which Plaintiff has experienced symptoms, from which she will continue to suffer, constitutes a record of impairment.

38.     In the alternative, Plaintiff was regarded as having a disability under the ADA.

39.     Plaintiff was qualified to perform the essential duties of her position.

40.     Plaintiff engaged in protected activity by requesting a reasonable accommodation to be permitted intermittent medical leave as was necessary to treat for her disability, to be assigned a work schedule that allowed her to maintain doctor's appointments/receive treatment and indicated that future leave was necessary.

41.     Defendants failed to engage in the interactive process with Plaintiff and instead terminated her employment.

42.     Upon information and belief, Defendants treated Plaintiff disparately as compared to other similarly situated non-disabled employees because of her disability.

43.     Defendants discriminated against Plaintiff by terminating her due to her disabilities.  Such termination constitutes adverse employment action as contemplated by the ADA.

ZOLDAN LAW GROUP, PLLC

5050 N. 40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

44.     As a direct, intentional, and willful consequence of such illegal conduct, Plaintiff suffered adverse employment actions including, inter alia, termination of employment.

45.     As a result, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT II
## RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT

46.     Plaintiff reasserts and realleges each and every allegation in this complaint as if fully set forth herein.

47.     Plaintiff satisfied her administrative exhaustion requirements by filing a disability discrimination charge with the EEOC and filing this complaint within 90 days of receiving her Right to Sue letter.

48.     The ADA prohibits discrimination against any individual because such individual engaged in protected activity under the ADA. *See* 42 U.S.C. § 12203(a).

49.     Plaintiff engaged in a protected activity by requesting reasonable accommodations and taking medical leave for her disabilities.

50.     Defendants retaliated against Plaintiff for engaging in protected activity by terminating her employment.

51.     As a direct, intentional, and willful consequence of such illegal conduct, Plaintiff suffered adverse employment actions including, inter alia, termination of employment.

52.     As a result of Defendants' illegal conduct, Plaintiff has been damaged in an amount to be proven at trial.

ZOLDAN LAW GROUP, PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COUNT III**
**INTERFERENCE IN VIOLATION OF**
**THE FAMILY MEDICAL LEAVE ACT 29 U.S.C. § 2615**

53.     Plaintiff reasserts and realleges each and every allegation in this complaint as if fully set forth herein.

54.     It is unlawful for an employer to interfere with, restrain, or deny the exercise of any right under the FMLA.  29 U.S.C. § 2615.

55.     At all relevant times, Defendants employed more than 50 employees and as such, is an employer for purposes of FMLA, subject to FMLA requirements.

56.     Plaintiff was an "eligible employee" entitled to take leave pursuant to the FMLA.

57.     Plaintiff has a "serious health condition" as defined by the FMLA and was incapacitated as a result of that condition.

58.     Plaintiff provided sufficient notice of her need to take leave under the FMLA.

59.     Defendants terminated Plaintiff as a result of her requests and necessity for FMLA leave, interfering with Plaintiff's rights under the FMLA.

60.     As a direct, intentional, and willful consequence of such illegal conduct, Plaintiff suffered adverse employment actions including termination of employment.

61.     Plaintiff is entitled to recover damages against Defendants in an amount to be proven at trial.

**COUNT IV**
**VIOLATION OF THE ARIZONA FAIR WAGES AND HEALTHY**
**FAMILIES ACT**

62.     Plaintiff reasserts and realleges each and every allegation in this complaint as if fully set forth herein.

ZOLDAN LAW GROUP, PLLC

5050 N. 40ᵗʰ St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

63.     Plaintiff alleges that Defendants violated The Fair Wages and Healthy Families Act, A.R.S. 23-371 *et seq*.

64.     At all times relevant, Plaintiff was an Employee of Defendants as defined by A.R.S. 23-371(F).

65.     At all times relevant, Defendants was the Employer of Plaintiff as defined by A.R.S. 23-371(G).

66.     Plaintiff accrued and was entitled to use paid sick time as set forth in A.R.S. 23-372.

67.     Plaintiff used paid sick time as needed for medical diagnosis, care, or treatment of a mental or physical illness, injury, or health condition, pursuant to A.R.S. 23-373.

68.     Defendants interfered with, retrained, or denied the exercise of, or the attempt to exercise, a right protected under The Fair Wages and Healthy Families Act, A.R.S. 23-374.

69.     Defendants unlawfully retaliated or discriminated against Plaintiff because she exercised rights protected under The Fair Wages and Healthy Families Act, A.R.S 23-374.

70.     Defendants failed to provide Plaintiff Notice of her rights as is required by The Fair Wages and Healthy Families Act, A.R.S 23-375.

71.     As a result, Plaintiff is entitled to damages as set forth in A.R.S. 23-364.

72.     As a result, Plaintiff was harmed in an amount to be proven at trial.

**CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays:

A.   For the Court to declare and find that the Defendants committed the following acts:

    i.   Discriminated and retaliated against Plaintiff in violation of the Americans with Disabilities Act, 42 U.S.C. 12101, *et seq;*

    ii.   Interfered with Plaintiff's rights in violation of the Family and Medical Leave Act, 29 U.S.C. § 2611 *et seq.*; and

    iii.   violated Arizona's Fair Wages and Healthy Families Act, A.R.S. § 23-371 *et seq.*;

B.   For the Court to award compensatory and punitive damages, including liquidated or double damages, to be determined at trial;

C.   For the Court to award lost wages damages including back pay and front pay, compensatory damages, and punitive damages.

D.   For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E.   For the Court to award interest on all damages;

F.   For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and all other causes of action set forth herein; and

G.   Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

ZOLDAN LAW GROUP, PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

RESPECTFULLY SUBMITTED February 18, 2022.

**ZOLDAN LAW GROUP, PLLC**

By: /s/James Weiler
5050 North 40th St., Suite 260
Phoenix, AZ 85018
Attorney for Plaintiff Samantha Friedman

ZOLDAN LAW GROUP, PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28